■ ALFRED B. WINSLOW et al., Doing Business as HASSLE ASSOCIATES, Appellants, v SIMON GRENADIER, Respondent. (Action No. 1.) SIMON GRENADIER, Respondent, v ALFRED B. WINSLOW et al., Doing Business as HASSLE ASSOCIATES, Appellants. (Action No. 2.)—In an action, *inter alia,* for reformation of a contract (Action No. 1) and to recover brokerage commissions (Action No. 2), the appeal is from so much of an order of the Supreme Court, Westchester County, entered March 17, 1977, as (1) upon consolidating the actions, transferred the consolidated action to the City Court of New Rochelle for trial and (2) denied the branch of appellants' motion which sought to vacate or modify respondent's demand for a bill of particulars. Order modified by deleting therefrom the provision denying the branch of

appellants' motion which is addressed to the demand for a bill of particulars and substituting therefor provisions that the said branch of the motion is granted to the extent that (1) Items Nos. 3, 6, 7 and 9 are stricken from the demand, (2) so much of Item No. 2 as appears after the seventeenth word thereof is stricken from the demand and (3) so much of Item No. 5 as begins with the words "the names and official positions of the 'appropriate authorities' referred to" is stricken from the demand. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Respondent is entitled to particulars in accordance with our modification of the order of Special Term. Further, we note that the consolidated action was properly transferred to the New Rochelle City Court. Appellants can raise their claims of mutual mistake and fraud as equitable defenses in the City Court (see *Portnoy v Hill,* 57 Misc 2d 1097); should they prevail they would be fully protected in any subsequent actions on later installments due by raising the affirmative defense of *res judicata.* Rabin, J. P., Shapiro, Suozzi and O'Connor, JJ., concur.